**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| STERLING MERCHANDISING, INC. | |
| Plaintiff | |
| v. | Civil No. 06-1015(SEC) |
| NESTLE, S.A., et al | |
| Defendants | |

**OPINION AND ORDER**

Farmacias El Amal (hereinafter El Amal**)** moves the Court to quash a subpoena (Docket # 61) issued by the Plaintiff whereby it seeks for El Amal to produce some business documents. El Amal objects to the subpoena because it imposes an undue burden and/or expense upon El Amal, a non-party to the instant litigation. See, Docket # 61, p. 2. It argues that Plaintiff has the means of obtaining all the relevant information from the Defendants. Among the documents requested by Plaintiff are: the documents listing the ice cream products El Amal has offered in its stores since 2000 in its 50 stores throughout the island. For El Amal to comply with the subpoena it would have to devote countless man-hours and incur in substantial expenses. El Amal also furthers that some of the requests (*i.e*.: 1, 3, 5, 6, 12-13) seek information that is commercially sensitive, like pricing practices, commercial relations with other non-parties, and business strategies of El Amal.

Fed. R. Civ. P. 45(C)(3)(A)(iv) provides that one timely motion, the Court must quash a subpoena which "subjects a person to undue burden." Furthermore, the rule also permits the Court to quash a subpoena whenever the subpoena requires the disclosure of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(C)(3)(B)(I).

Because Plaintiff has the authority to issue subpoenas pursuant to the Federal Rules of Civil Procedure, the party moving to quash the subpoena, in this case El Amal, bears the burden to persuade the Court that the subpoena imposes an undue burden upon it. See, Jones v. Hirschfeld, 219 F. R. D. 71, 74-75(S.D.N.Y.2003). In determining whether the subpoena

**Civil Case No. 06-1015(SEC)**

imposes an undue burden on the producing party, the Court may use its sound discretion. Id. at74. However, in exercising this discretion, the Court takes note of the mandatory nature of the rule when it says that courts **must** quash the subpoena if it imposes undue burden. Fed. R. Civ. P. 45(C)(3)(A)(iv).

Plaintiff opposed El Amal's motion to quash arguing that the documents sought "are directed at obtaining information regarding not only correspondence and contracts between... El Amal and Defendants, but also what effect that Defendants' monopolistic activity is having on the relevant market and consumers. This... information is part and parcel of any antitrust... case and extremely relevant..." Docket # 67, p. 3. That is, Sterling rests in its argument that all the information sought (from the 50 stores in Puerto Rico and for the last 6 years) is relevant to the instant case. El Amal does not argue to the contrary. The relevance of this information, Sterling argues, is due to the fact that the documents "provide information regarding the pricing of the market, exclusionary practices of Defendants, and the effect on consumers." Docket # 67, p. 4.

Fed. R. Civ. P. 26((b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Although El Amal argues that the information sought by the Plaintiff would create an undue burden on them, they do not dispute the fact that the information is relevant. Fed. R. Civ. P. 45 must work in harmony with Rule 26, and in line with its purpose to discover all relevant information. It has been long recognized that a substantial burden may be justified by the nature and importance of the inquiry involved." U.S. v. International Business Machines Corp., 83 F. R. D. 97, 109 (D.C.N.Y. 1979). Furthermore, "[i]nconvenience is relative to size. Any witness who is subpoena suffers inconvenience. An individual operating a small business... may suffer... more inconvenience than [a] movant with... thousands of employees.... But this inconvenience... is part of the price we pay to secure the effective administration of justice and enforcement of our laws." Id. at 108.

**Civil Case No. 06-1015(SEC)**

Moreover, because the burden of persuasion is on El Amal to show that the subpoena would impose an undue burden on it, El Amal "cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance." 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2459 (2d. ed. 1995)

We, thus, find that El Amal, with its 50 stores island-wide, has failed to meet this burden of persuasion. To the contrary, we find that it has sufficient resources (i.e. it has at least 50 stores throughout the island) to comply with the subpoena, despite the fact that it covers a six year period. As such, we do not believe that the subpoena would create undue burden against it.

El Amal, also argues that the subpoena should be quashed because the information requested by the Plaintiff in requests ## 1, 3, 5, 6 & 12-13 is commercial information protected by Rule 45. It avers that some requests "seek information that is commercially sensitive regarding its pricing practices, commercial relations with other non-parties, its business strategies and operation of [El Amal]." Docket # 61, p. 4. Plaintiff objects to the characterization as commercial information, but, in the alternative, argues that it can enter into a confidentiality agreement to protect the information. Let's see.

The documents characterized by El Amal as commercial information are the following:

Request # 1: list of ice cream products offered in the stores, and the volume of sales for each since 2000.

Request # 3: all maps and diagrams reflecting the geographic areas in which the stores have been located since 2000

Request # 5: all documents relating to the pricing of ice cream products in the stores since 2000.

Request # 6: all documents related to how the pricing of ice cream products is done in the

**Civil No. 06-1015(SEC)** 4
_____

stores

Request # 12: all documents relating to Nestlé's, Payco's or other distributor's relative shelf space in all the stores

Request # 13: all documents relating to the stores' storage methods for ice cream

First, we believe that this information is relevant to Plaintiff's case. Sterling claims that Nestlé and Payco have conspired to jointly set the prices to retailers for shelf space. The information is also relevant to Plaintiff's claim regarding Defendants' intent to monopolize the market. On the other hand, we understand that the information requested might be characterized as commercial information, but not as privileged. Although, we understand that the information may be sensitive, we believe that all interests, *i.e.* Plaintiff's interest for the information, and El Amal's interest to protect its business, might be balanced if the parties agree to a protective order in which the information so produced shall remain confidential. The parties may reach an agreement amongst themselves or submit a draft for the Court to approve.

As such, the Court hereby **DENIES** El Amal's motion to quash the subpoena (Docket # 61). Furthermore, El Amal is hereby **ORDERED** to confer with Plaintiff and agree to a date for the production of the documents. **The documents must be produced not later than 5/8/2008.** Although we have concluded that the production of documents by El Amal will not represent an undue burden upon El Amal, the Court believes that the costs associated with the production of documents should be borne by the Plaintiff.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 15th day of April, 2008.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge