**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| STERLING MERCHANDISING, INC. | * * * |
| Plaintiff | * * |
| v. | *   Civil No. 06-1015(SEC) |
| NESTLE, S.A., et al | * * |
| Defendants | * |

**ORDER**

Pending before the Court is Sterling's request to compel Co-Defendant Nestlé, P.R. (hereinafter NPR) to produce a non-redacted version of a document identified as "Nestlé PR Highly Confidential 640" (hereinafter referred to as NPRD # 640), as discussed during the Case Management and Settlement Conference held on June 9th, 2008 (Docket # 169). In such conference, the Court held in abeyance Sterling's request and ordered NPR to file an *ex-parte* motion with the un-redacted version of the document for an *in camera* review by the Court along with a legal memorandum on why the information should be held privileged under the attorney-client privilege. Id. NPR complied and filed motions at Docket ## 170 & 171. Also in compliance with the Court's order, Sterling opposed such motions at Docket # 172. Having reviewed the document in dispute, the parties' filings, and the applicable law, the Court **DENIES** Sterling's request for the redacted information on NPRD # 640 to be revealed.

**Factual and Procedural Background**

NPR filed a legal memorandum arguing that the attorney-client privilege should attach to the information redacted in NPRD # 640 because it contained legal advice being informed by one NPR employee to another so as to procure the enforcement of the legal advice provided by NPR's Counsel. Docket # 171, p. 2. Sterling opposed NPR's motion. Docket # 172. There, it agreed with NPR in that "communications by corporate officials that convey an attorney's legal advice to other corporate officials remain subject to the attorney-client privilege." Id. at 2. However, it argues that underlying facts communicated to the attorney

are not protected. Id. at 3. It also contends that the privilege does not protect non legal communications based on business advice given by a lawyer. Id. Let's see.

**Applicable Law and Analysis**

Fed. R. Evid. 501 provides that any privilege "shall be governed by the principles of the common law as they may be interpreted by the courts of the United States." Therefore, any claim for privilege will be analyzed through the lens of federal common law. NPR alleges that the communication in dispute is privileged under the attorney-client privilege; "the oldest of the privileges for confidential communications known to the common law." UpJohn Company v. United States, 449 U.S. 383, 389 (1981)(hereinafter referred to as UpJohn). The purpose of such privilege is "to encourage full and frank communications between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." Id. This is so because "sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." Id. However, the Supreme Court recognized that "complications in the application of the privilege arise when the client is a corporation, which in theory is an artificial creature of the law...." Id. at 389-390.

In UpJohn the Supreme Court rejected the control group test whereby only communications made by a corporation to Counsel via employees within the high hierarchy of the company were protected. The UpJohn Court stated that such "narrow scope... not only makes it difficult for corporate attorneys to formulate sound advice when their client is faced with a specific legal problem, but also threatens to limit the valuable efforts of corporate counsel to ensure their client's compliance with the law." UpJohn, 449 U.S. at 392. Therefore, when a corporate client requires legal advice, and employees communicate to counsel information needed to procure such advice, such communications and advice, regardless of the employees' position within the company, are protected from disclosure unless waiver applies. Id. at 394.

**Civil No. 06-1015(SEC)**                                                                                                          3

In order for a communication to be considered privileged, the party moving to have the communication be deemed privileged must show: (1) that he was a client of the attorney; (2) that the attorney in connection with the document acted as a lawyer; (3) that the document relates to facts communicated for the purpose of securing a legal opinion, legal services or assistance in a legal proceeding; and (4) the privilege has not been waived. U.S.A. v. Bay State Ambulance and Hospital Rental Service, Inc., 874 F. 2d 20, 27-28 (1st Cir. 1989)(hereinafter Bay State).

There is no issue of waiver here. Sterling also agrees with the proposition that a communication made by an NPR employee to another in relation with NPR's Counsel's legal advice, would, in general, be protected from disclosure. It contends, however, that only communications are protected, not underlying facts, and that non legal advice is also outside the bounds of the attorney-client privilege. Although Sterling is correct in these two propositions, neither argument assists it in its quest. After reviewing the non redacted version of NPRD # 640, the Court is without doubt that the redacted information related to legal advice formerly requested by NPR to Counsel, which was then communicated by NPR's Bayamón General Manager to NPR San Juan General Manager so that the company could put Counsel's legal advice into action. As such, the information is protected. See, In re Grand Jury 90-1, 758 F. Supp. 1411, 1413 (D. Colo. 1991)(information passed by the President of the client corporation to its Board of Directors regarding legal advice procured by the corporation's President, was privileged as the information was only "making advice available to another part of this inanimate entity."); see also, Diversified Indus., Inc. v. Meredith, 572 F. 2d 596, 611 (8th Cir. 1977).

Although Sterling is correct in that communications, not facts, are protected under the privilege, it is precisely the communication of the legal advice made by NPR's counsel from one NPR employee to another which we hold privileged today. Therefore, Sterling's argument is inapplicable here. Furthermore, because we hold that the advice given was legal

**Civil No. 06-1015(SEC)**                                                                                                       4

in nature, the other exception mentioned by Sterling, to wit, that non legal advice is without the realms of the privilege, is also without consequence.

Finally, NPR argued in its memorandum that Sterling had also produced many redacted documents, and that, because NPR was subjected to an *in camera* inspection of the NPRD # 640, Sterling's redacted documents should be treated the same way. Although such remedy is available, Local Rule 26 requires that prior to submitting a discovery dispute for the Court's resolution, the parties meet in good faith and attempt to resolve the matter, and certify having done so to the Court. As such, NPR's request for an order to produce the documents for *in camera* inspection is **DENIED WITHOUT PREJUDICE**. The Court hereby **ORDERS** the parties to confer first in an attempt to amicably resolve this dispute. Should NPR require the Court's assistance in the future with regards to this matter, it may renew its motion.

**SO ORDERED**

In San Juan, Puerto Rico, this 5th day of August, 2008

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge